PER CURIAM.
J.A., the mother of two minor children, appeals a final judgment terminating her parental rights as to those children. We affirm, in part because the trial court’s granting of her motion for involuntary dismissal of the count alleging her failure to complete a case plan, renders moot her argument that she was not given twelve months to complete the plan.
The court’s order was based on the alternative statutory basis alleged in the petition. Termination was found to be required under only section 39.806(c), Florida Stat. (Supp.1998):
When the parent or parents engaged in conduct toward the child or toward other children that demonstrates that the continuing involvement of the parent or parents in the parent-child relationship threatens the life, safety, well-being, or physical, mental, or emotional health of the child irrespective of the provision of services. Provision of services may be evidenced by proof that services were provided through a previous plan or offered as a case plan from a child welfare agency.
(Emphasis supplied.) Although this ground for termination can be proved by demonstrating that a case plan was offered or that services were provided under a plan, it does not require proof that the parent was given a full year to comply with the plan and failed to do so. Failure to substantially comply with a case plan is a completely separate ground for termination. § 39.806(e). There is nothing in the statute to suggest that noncompliance under subsection (e) is to be considered an essential element of termination under subsection (c).
There was competent, substantial evidence in the record to support the trial court’s termination under subsection (c).
AFFIRMED.
DELL, POLEN and GROSS, JJ., concur.